UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MARVIN CHARLES GABRION, II,

     Petitioner-Appellant,                    Case No. 18-2382
                                                  Death Penalty Case

v.

UNITED STATES OF AMERICA,

     Respondent-Appellee.

_____/

## RESPONSE TO MOTION TO SET A DEADLINE FOR PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY

The United States does not oppose Petitioner-Appellant Marvin Gabrion's request for a 90-day period in which to file an application for a certificate of appealability, if the Court believes such a period is appropriate.

The United States does not, however, concur with the assertions in Gabrion's motion that the district court's analysis was in any way deficient—either in resolving Gabrion's § 2255 motion or in denying his request for a certificate of appealability. The district court issued a detailed 216-page opinion in this matter, carefully and individually considering Gabrion's voluminous claims. And the court fully complied with its obligations under *Slack v. McDaniel*, 529 U.S. 473 (2000), expressly acknowledging that this Court has disapproved of the issuance of blanket denials of a

certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). See R.158, Order, PageID.6012. A district court is not required to issue a lengthy exegesis evaluating whether a certificate should issue as to every claim. *See, e.g., Layne v. Stewart*, No. 17-1389, 2017 WL 4857574, at *2 (6th Cir. Sept. 13, 2017), *cert. denied sub nom. Layne v. Brewer*, 138 S. Ct. 1001 (2018) (denial of COA "for the reasons stated in th[e] opinion" sufficient). *See also Hawkins v. Rivard*, No. 16–1406, 2016 WL 6775952, at *2 (6th Cir. Nov. 10, 2016) (finding that, because the court had already reviewed and analyzed the claims, it was not necessary for the court to reassess each claim prior to denying a COA).

The district court stated that it had "carefully considered the issues in this matter" and found "that reasonable jurists could not find that this Court's dismissal of Gabrion's claims was debatable or wrong." R.158, Order, PageID.6012. It noted that "[t]here is overwhelming evidence supporting the jury's verdict at the guilt and penalty phases of the trial," and that it was satisfied that Gabrion received the assistance to which he is entitled under the Sixth Amendment and that there is no constitutional or other reason to set aside his conviction or sentence." *Id.* at PageID.6012-6013. This was more than adequate to satisfy *Slack* and *Murphy*, particularly in light of the accompanying 216-page opinion.

Further, the United States does not concur in any of the other arguments or rhetoric in Gabrion's motion. Specifically, the United States does not agree that the district court made any errors in its handling of this case, that it should be difficult or time-consuming to identify issues on which to seek a certificate, that Gabrion has not had an opportunity to test the reliability of his conviction and sentence in collateral proceedings, that there is any merit whatsoever to any claims that Gabrion has advanced in his § 2255 motion, or that any of them deserve encouragement to proceed further. The United States defers to the discretion of the Court as to what period of time should be afforded for Gabrion to file his application for a certificate of appealability.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date:  December 19, 2018

 /s/ *Jennifer L. McManus*
JENNIFER L. MCMANUS
TIMOTHY P. VERHEY
Assistant U.S. Attorneys
P.O. Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404

3