MARVIN CHARLES GABRION, II,  )
           ) DEATH PENALTY CASE
   Petitioner - Appellant,  )
           ) Case No. 18-2382
   v.         )
           )
           )
UNITED STATES OF AMERICA,  )
           )
   Respondent - Appellee.  )

## MOTION TO EXTEND DEADLINE TO FILE PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Petitioner Marvin Gabrion respectfully requests that this Court extend by sixty (60) days the deadline for Mr. Gabrion to file his application for a Certificate of Appealability (COA). The current deadline to file Mr. Gabrion's application for a COA is April 8, 2019. *See* Doc. 12, 01/08/2019 Letter Granting Ninety Days to File COA Application. As Mr. Gabrion explained in his previous motion asking this Court to set a deadline of ninety days to file the COA, in denying a COA, the district court did not conduct a specific analysis of whether Mr. Gabrion satisfied the COA standard, which means that counsel must prepare a detailed application that will facilitate this Court conducting the COA analysis in the first instance. And, if the district court's orders are allowed to stand, Mr. Gabrion will be executed without any opportunity to test the reliability of his conviction and

sentence in collateral proceedings. Undersigned counsel has a significant workload which includes three other capital cases. Consequently, an additional sixty (60) days are necessary for counsel to prepare the application for a COA.

In support of this request, Mr. Gabrion shows the Court:

1.      Mr. Gabrion was convicted of murder and sentenced to death in the United States District Court for the Western District of Michigan.  Mr. Gabrion is the only prisoner sentenced to death in the State of Michigan in either state or federal court.

2.      The litigation of Mr. Gabrion's direct appeal was not without controversy.  Questions were raised regarding whether the federal government had jurisdiction to prosecute the case and it was remanded to the district court for a hearing.  When the case returned to this Court, jurisdiction was confirmed by the three judge panel with three separate opinions, one of which was a dissent.  United States v. Gabrion, 517 F.3d 839 (6th Cir. 2008), *cert. denied*, 129 S.Ct. 1905 (2009).

3.      Thereafter, in a 2-1 ruling, the Court upheld Mr. Gabrion's guilty verdict but vacated the death sentence.  United States v. Gabrion, 648 F.3d 307 (6th Cir. 2011).

4. Thereafter, rehearing *en banc* was granted. In a 12-4 decision, the Court upheld the conviction and death sentence. <u>United States v. Gabrion</u>, 719 F.3d 511 (6th Cir. 2013) (*en banc*), *cert. denied*, 572 U.S. 1089 (2014).

5. After the en banc court upheld Mr. Gabrion's conviction and sentence, Mr. Gabrion filed a motion to vacate pursuant to 28 U.S.C. § 2255. The instant proceedings are an appeal from the denial of that motion.

6. The district court denied Mr. Gabrion's § 2255 motion, without holding an evidentiary hearing or authorizing discovery. *See generally* Opinion, R. 156, PageID 5795–6000.

7. The district court also denied Mr. Gabrion a COA, in an order that was less than two pages long. *See* Order Denying COA, R. 158 at 1–2, PageID 6012–13.

8. The district court's analysis of whether any of Mr. Gabrion's claims satisfied the <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), standard consisted of two sentences, in which it stated, "The Court has carefully considered the issues in this matter and finds that reasonable jurists could not find that this Court's dismissal of Gabrion's claims was debatable or wrong. There is overwhelming evidence supporting the jury's verdict at the guilt and penalty phases of the trial, and the Court is satisfied that Gabrion received the assistance to which he is entitled under

the Sixth Amendment and that there is no constitutional or other reason to set aside his conviction or sentence." Order Denying COA, R. 158 at 1–2, PageID 6012–13.

9.     Because the district court's two-page order denying a COA did not individually "consider each issue raised by [petitioner] under the standards set forth by the Supreme Court in Slack[,]" Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir. 2001), Mr. Gabrion must prepare an application for a COA that facilitates this Court's analysis of whether he has met the Slack standard as to any of the claims in his § 2255 motion.

10.     Lead counsel in this case is Monica Foster. Monica Foster is the Executive Director of the Indiana Federal Community Defender, LLC. In addition to her normal administrative work running the office, her time has also been consumed in the past three months by two other capital cases. These cases will continue to require her time into the immediate future.

11.     In Webster v. Lockett, No. 2:12-cv-86-WTL-MJD, an evidentiary hearing is scheduled to commence on April 1. *See generally* Webster v. Daniels, 784 F.3d 1123 (7th Cir. 2015) (en banc) (remanding for hearing). The hearing is expected to last one week. The Webster case is brought pursuant to 28 U.S.C. § 2241. The allegation is that Mr. Webster's death sentence should be set aside because he is a person with intellectual disability and therefore ineligible for the death penalty. Ms. Foster has and will continue to travel across the country to take

depositions (Little Rock, Arkansas; Dallas, Texas; and Terre Haute, Indiana) in the lead up to the hearing and will participate in the hearing. Preparation for the hearing is particularly time consuming because the witnesses are largely mental health experts.

12.     Ms. Foster has also been involved in the trial level death penalty case of United States v. Andrew Rogers, No. 2:16-cr-18-WTL-CMM. Serious prosecutorial misconduct allegations have been raised in that case. The district judge authorized the defense to take depositions for the purposes of determining whether an evidentiary hearing is needed for him to resolve these issues. Those depositions have occurred in Indianapolis, Washington DC, and Hyannis, Massachusetts. Since this Court granted Mr. Gabrion ninety days to file his application for a COA, the judge in Mr. Roger's case has determined that an evidentiary hearing is necessary to resolve the issues and set the case for a three-day hearing commencing on May 6, 2019.

13.     Undersigned counsel Joe Cleary is scheduled to begin a two-week trial in United States v. Ochoa-Beltran et al., No. 1:17-cr-00165-TWP, on April 15, 2019 and then begin another two-week trial in United States v. Buster Hernandez, No. 1:17-cr-0183-TWP, on May 13, 2019.

14.     Undersigned counsel Scott Graham is scheduled to begin a trial on April 16, 2019, in the matter of United States v. James, 1:17-cr-114-GJQ, a drug

delivery case subject to a supplemental information and a maximum sentence of life. Trial is expected to take 10 days. Graham is the fifth attorney appointed to represent the defendant. Graham is set to begin another trial on May 6, 2019 in the matter of United States v. Stamp, et al., 1:17-cr-00258-PLM. Trial length is estimated at one month in a $60 million-dollar bank fraud case relating to the farming industry. The plea deadline has passed. The government expects to call at least 70 witnesses and introduce more than 500 exhibits.

15. Petitioners who are sentenced to death by the state courts have two opportunities to challenge their convictions and death sentences: state post-conviction proceedings and proceedings pursuant to 28 U.S.C. § 2254. Because Mr. Gabrion's conviction and death sentence were obtained in federal court, he has only one opportunity to collaterally challenge his conviction and sentence and § 2255 is it. If the district court's orders are allowed to stand, Mr. Gabrion will be executed without any opportunity to test the reliability of his conviction and sentence in collateral proceedings. This decision will have been made in the first instance by a judge who did not preside over the trial, without any opportunity for a hearing or discovery.

16. Despite due diligence counsel cannot meet the deadline imposed by the Court. An additional sixty (60) days will allow counsel the needed time to file a

professional document that will provide the court with the assistance it requires to pass on the important questions presented by this death penalty case.

17. For these reasons, counsel asks the Court for an additional sixty (60) days to file the application for a COA.

**WHEREFORE**, Marvin Gabrion, requests the Court allow him an additional sixty (60) days beyond the current April 8, 2019 deadline to file an application for a certificate of appealability in this federal capital case and for any and all other relief to which he may be entitled.

**Date:  March 29, 2019**                                        **Respectfully submitted,**

By:  /s/ *Monica Foster*                                 By:  /s/ *Joseph M. Cleary*
     Monica Foster                                 Joseph M. Cleary
     Attorney for Petitioner-Appellant             Attorney for Petitioner-Appellant
Business Address:                                        Business Address:
     Indiana Federal Community                     Indiana Federal Community
     Defenders, Inc.                               Defenders, Inc.
     111 Monument Circle, Suite 3200               111 Monument Circle, Suite 3200
     Indianapolis, Indiana 46204                   Indianapolis, Indiana 46204
     Telephone: (317) 383-3520                     Telephone: (317) 383-3520
     Email: Monica_Foster@fd.org                   Email:  Joe_Cleary@fd.org

By:  /s/ *Scott Graham*
     Scott Graham
     Attorney for Petitioner-Appellant
Business Address:
     SCOTT GRAHAM PLLC
     1911 West Centre Avenue, Suite C
     Portage, Michigan 49024
     Telephone: (269) 327-0585
     Email: sgraham@scottgahampllc.com