| | |
|---|---|
| MARVIN CHARLES GABRION, II, | ) |
| | ) **DEATH PENALTY CASE** |
| Petitioner - Appellant, | ) |
| | ) Case No. 18-2382 |
| v. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent - Appellee. | ) |

## MOTION TO EXTEND DEADLINE TO FILE PETITIONER'S PRINCIPAL BRIEF

Petitioner Marvin Gabrion respectfully requests that this Court extend, by one hundred twenty (120) days from the original due date, the deadline for Mr. Gabrion to file his principal brief. The current deadline to file the brief is November 16, 2020. This is Mr. Gabrion's first motion for an extension of time in which to file his principal brief.

In support of this request, Mr. Gabrion shows the Court:

1. Mr. Gabrion was convicted of murder and sentenced to death in the United States District Court for the Western District of Michigan. Mr. Gabrion is the only prisoner sentenced to death in the State of Michigan in either state or federal court.

2. The litigation of Mr. Gabrion's direct appeal was not without controversy. Questions were raised regarding whether the federal government had jurisdiction to prosecute the case and it was remanded to the district court for a hearing. When the case returned to this Court, jurisdiction was confirmed by the three-judge panel with three separate opinions, one of which was a dissent. United States v. Gabrion, 517 F.3d 839 (6th Cir. 2008), *cert. denied*, 129 S.Ct. 1905 (2009).

3. Thereafter, in a 2-1 ruling, the Court upheld Mr. Gabrion's guilty verdict but vacated the death sentence. United States v. Gabrion, 648 F.3d 307 (6th Cir. 2011).

4. Thereafter, rehearing *en banc* was granted. In a 12-4 decision, the Court upheld the conviction and death sentence. United States v. Gabrion, 719 F.3d 511 (6th Cir. 2013) (*en banc*), *cert. denied*, 572 U.S. 1089 (2014).

5. After the en banc court upheld Mr. Gabrion's conviction and sentence, Mr. Gabrion filed a motion to vacate pursuant to 28 U.S.C. § 2255. The instant proceedings are an appeal from the denial of that motion.

6. The district court denied Mr. Gabrion's § 2255 motion, without holding an evidentiary hearing or authorizing discovery. *See generally* Opinion, R. 156, PageID 5795–6000.

7.      The district court also denied Mr. Gabrion a COA, in an order that was less than two pages long. *See* Order Denying COA, R. 158 at 1–2, PageID 6012–13.

8.      On September 10, 2020, this Court granted a COA on Claims 2,3,6, and 7 of Mr. Gabrion's Sec. 2255 motion.

9.      The preparation of a principal brief in this case is a substantial undertaking. The COA in this case covers, in part, Mr. Gabrion's claims of ineffective assistance at both the guilt and penalty phases of the trial. Mr. Gabrion identified for the Court, and will argue in his principal brief, a series of points establishing ineffective assistance of counsel based on complicated facts and the application of those facts to decisional authority in capital cases.

10.      Lead counsel in this case is Monica Foster, the Executive Director of the Indiana Federal Community Defender, LLC. The vagaries of running a federal defender office are currently complicated by issues surrounding the COVID-19 pandemic.  Foster estimates dealing with COVID administrative issues has added at least 30% more work to her workload.  The office also currently has a cyclical audit scheduled in the next 60 days, as well as a cyclical assessment in the next 60 days. Preparations for these events are time consuming and ongoing.  In addition to her administrative work running the office, her time is also consumed by other cases that will require her time into the immediate future.

11.     Foster is counsel for Bruce Webster whose death sentence was set aside by the district court and affirmed by the Court of Appeals for the Seventh Circuit.  Webster v. Watson, 2020 U.S. App. LEXIS 30334 (8/5/2020).  The government has sought and received an extension to file a petition for rehearing en banc.  It is further believed the government will petition for certiorari in this case.

12.     Foster is lead counsel in the death penalty trial of Azibo Aquart.  Mr. Aquart's case was remanded for a retrial of the penalty phase.  United States v. Aquart, 912 F.3d 1 (2nd Cir. 2018).  Although no trial date is currently set, counsel has been and will continue to be actively preparing for both a trial and to seek deauthorization of the death penalty.

13.     Foster is lead counsel in two potential death penalty cases out of the Southern District of Indiana that are currently in the "preauthorization" phase.  Because these are alleged prison killing cases neither case has yet been indicted but counsel has been instructed by the government, and appointed by the Court, to prepare for authorization hearings in Washington, D.C. to show cause why the defendants should not be charged with the death penalty.  Both cases are currently under seal.  Although no meeting date has been set, counsel is preparing a mitigation presentation for both prisoners.

14.     Foster has been required to prepare for an oral argument in the Seventh Circuit on October 30, 2020 in the noncapital case of United States v.

4

Jacob Wessel, Seventh Circuit Case No. 1903002. Foster also has two noncapital cases with complex mental health issues that she is preparing for guilty pleas and sentencing hearings which are in process but not yet scheduled.

15. Undersigned counsel Joseph Cleary is a full time Assistant Federal Defender in the trial unit of the Indiana Federal Defender's Office. He currently has in excess of 40 open felony cases. Most months, counsel is on call one day a week to cover initial hearings. Since the COVID crisis started, these hearings are done by video which now take additional time as hearings for multiple defendants cannot be combined. Counsel will also be out of the office from October 16-25 on vacation. Due to counsel's trial workload it is expected that he will have a limited role in the briefing of Gabrion's case. He will likely be limited to reviewing the arguments that he prepared in the proceedings below.

16. Undersigned counsel Jean Giles has been assigned to assist in this appeal but did not participate in the lower court proceedings. Giles has a Motion for Certificate of Appealability due in the Ninth Circuit on November 27, 2020, in United States v. Duncan, No. 20-99001. Giles also has a § 2255 motion due on April 7, 2021, in United States v. Kadamovas, No. 2:02-cr-00220, in the Central District of California. These are both capital cases.

17. Undersigned counsel Scott Graham is a CJA practitioner. He has been appointed to represent one of defendants in the matter of United States v. Fox, et

al., charging a conspiracy to kidnap the Governor of Michigan, an offense punishable by life in prison. Initial proceedings are underway in that case. The government has indicated that it is about to release discovery comprising 200GB. Graham is also preparing for trial in United States v. Flores, 1:19-cr-271, United States v. Howland, 1:18-cr-140, United States v. Fox, 1:20-mj-416, United States v. Humphrey, 2:20-cr-14, United States v. Honeysucker, 1:19-cr-292, and United States v. Campbell, 1:20-cr-144. The Western District of Michigan is conducting trials, and all of these matters are expected to go to trial within the next 90-120 days. During the current briefing period in this case, Graham tried the matter of United States v. Ayala, 1:19-cr-216, and completed the resolution of United States v. Stamp, 1:17-cr-258, a matter set for a 6 week trial. The Stamp matter was resolved a week before trial was set to begin. Graham conducted full trial preparation.

18.     This is a complicated appeal involving thousands of pages of documents and complex legal issues.  Despite due diligence counsel cannot meet the deadline imposed by the Court.  An additional one hundred twenty (120) days will allow counsel the needed time to file a professional document that will provide the court with the assistance it requires to pass on the important questions presented by this death penalty case.

19.     For these reasons, counsel asks the Court for an additional one hundred twenty days in which to file the principal brief in this case.

**WHEREFORE**, Marvin Gabrion, requests the Court allow him an additional one hundred twenty (120) days beyond the current November 16, 2020 deadline to file his principal brief.

**Date:  November 2, 2020**                      **Respectfully submitted,**

By:  /s/ *Monica Foster*                          By:  /s/ *Joseph M. Cleary*
    Monica Foster                                         Joseph M. Cleary
    Jean E. Giles                                            Attorney for Petitioner-Appellant
    Attorneys for Petitioner-Appellant      Business Address:
Business Address:                                      Indiana Federal Community
    Indiana Federal Community                   Defenders, Inc.
    Defenders, Inc.                                       111 Monument Circle, Suite 3200
    111 Monument Circle, Suite 3200          Indianapolis, Indiana 46204
    Indianapolis, Indiana 46204                  Telephone: (317) 383-3520
    Telephone: (317) 383-3520                   Email:  Joe_Cleary@fd.org
    Email: Monica_Foster@fd.org
    Email: Jean_Giles@fd.org

By:  /s/ *Scott Graham*
    Scott Graham
    Attorney for Petitioner-Appellant
Business Address:
    SCOTT GRAHAM PLLC
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    Telephone: (269) 327-0585
    Email: sgraham@scottgahampllc.com

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that he filed the Motion to Extend Deadline to File Petitioner's Principal Brief through the Court's CM/ECF electronic system on November 2, 2020.  See Fed. R. App. P. 25(d)(1)(B); 6 Cir. R. 25(f)(2).  Notice of this filing will be sent through the CM/ECF system to all parties indicated on the electronic filing receipt, namely Assistant United States Attorney Jennifer L. McManus and Assistant United States Attorney Timothy P. VerHey.  Parties may access this filing through the CM/ECF system.

Date:  November 2, 2020      By: /s/ *Scott Graham*

Scott Graham
Attorney for Petitioner-Appellant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
Telephone: (269) 327-0585
Email: sgraham@scottgrahampllc.com