MARVIN CHARLES GABRION, II,    )
      ) **DEATH PENALTY CASE**
      Petitioner - Appellant,    )
      ) Case No. 18-2382
      v.    )
      )
      )
UNITED STATES OF AMERICA,    )
      )
      Respondent - Appellee.    )

## SECOND MOTION TO EXTEND DEADLINE TO FILE PETITIONER'S PRINCIPAL BRIEF

Petitioner Marvin Gabrion respectfully requests that this Court extend by 60 days from the current due date the deadline to file his principal brief. The current deadline to file the brief is March 16, 2021. This is Mr. Gabrion's second motion for an extension of time in which to file his principal brief.

In support of this request, Mr. Gabrion shows the Court:

1. Mr. Gabrion was convicted of murder and sentenced to death in the United States District Court for the Western District of Michigan. Mr. Gabrion is the only prisoner sentenced to death in the State of Michigan in either state or federal court.

2. The litigation of Mr. Gabrion's direct appeal was not without controversy. Questions were raised regarding whether the federal government had

jurisdiction to prosecute the case and it was remanded to the district court for a hearing. When the case returned to this Court, jurisdiction was confirmed by the three-judge panel with three separate opinions, one of which was a dissent. United States v. Gabrion, 517 F.3d 839 (6th Cir. 2008), *cert. denied*, 129 S.Ct. 1905 (2009).

3. Thereafter, in a 2-1 ruling, the Court upheld Mr. Gabrion's guilty verdict but vacated the death sentence. United States v. Gabrion, 648 F.3d 307 (6th Cir. 2011).

4. Thereafter, rehearing *en banc* was granted. In a 12-4 decision, the Court upheld the conviction and death sentence. United States v. Gabrion, 719 F.3d 511 (6th Cir. 2013) (*en banc*), *cert. denied*, 572 U.S. 1089 (2014).

5. After the en banc court upheld Mr. Gabrion's conviction and sentence, Mr. Gabrion filed a motion to vacate pursuant to 28 U.S.C. § 2255. The instant proceedings are an appeal from the denial of that motion.

6. The district court denied Mr. Gabrion's § 2255 motion, without holding an evidentiary hearing or authorizing discovery. *See generally* Opinion, R. 156, PageID 5795–6000.

7. The district court also denied Mr. Gabrion a COA, in an order that was less than two pages long. *See* Order Denying COA, R. 158 at 1–2, PageID 6012–13.

8. On September 10, 2020, this Court granted a COA on Claims 2,3,6, and 7 of Mr. Gabrion's § 2255 motion.

9. The preparation of a principal brief in this case is a substantial undertaking. The COA in this case covers, in part, Mr. Gabrion's claims of ineffective assistance at both the guilt and penalty phases of the trial. Mr. Gabrion identified for the Court, and will argue in his principal brief, a series of points establishing ineffective assistance of counsel based on complicated facts and the application of those facts to decisional authority in capital cases.

10. Mr. Gabrion notes for the Court that substantial work has been performed in preparing his opening brief. Counsel have, in part:

   a. Organized all records from the proceedings below that are relevant to the appeal, and

   b. Prepared drafts of the components of the opening brief, including a statement of questions presented for review, jurisdictional statement, statement of the case, statement of facts, summary of argument, and initial arguments relating to

the most detailed claims alleging ineffective assistance of counsel at both the guilt and penalty phases of the trial.

11.     Lead counsel in this case is Monica Foster, the Executive Director of the Indiana Federal Community Defender, LLC. The vagaries of running a federal defender office continue to be complicated and growing by issues surrounding the COVID-19 pandemic.  Foster estimates dealing with COVID administrative issues has added at least 30% more work to her workload.  In addition to her administrative work running the office, her time is also consumed by other cases that will require her time into the immediate future.

12.     Foster is counsel for Bruce Webster whose death sentence was set aside by the district court and affirmed by the Court of Appeals for the Seventh Circuit.  Webster v. Watson, 2020 U.S. App. LEXIS 30334 (8/5/2020).  The case is now final and will require Foster's presence at a resentencing in the federal district court in Texas.  Because of Mr. Webster's disabilities, and restrictions on visitation, it has been difficult to communicate effectively with Mr. Webster about his remaining legal issues and upcoming sentencing.

13.     Foster is lead counsel in the death penalty trial of Azibo Aquart.  Mr. Aquart's case was remanded for a retrial of the penalty phase.  United States v. Aquart, 912 F.3d 1 (2nd Cir. 2018).  The government deauthorized the death

penalty in December 2020 and Mr. Aquart faces a noncapital resentencing. Although noncapital, numerous complicated legal and factual issues are presented.

14. Foster is lead counsel in two potential death penalty cases out of the Southern District of Indiana that are currently in the "preauthorization" phase. Because these are alleged prison killing cases neither case has yet been indicted but counsel has been instructed by the government, and appointed by the Court, to prepare for authorization hearings in Washington, D.C. to show cause why the defendants should not be charged with the death penalty. Both cases are currently under seal. Although no meeting date has been set, counsel is preparing a mitigation presentation for both prisoners.

15. Foster has recently become fully vaccinated for COVID-19. Each of the above defendants, as well as Mr. Gabrion, needs to be seen regularly and often by Foster in light of her inability to visit with them in person for the past year. Visitation with each of them requires travel and in the case of the defendants referenced in the immediately preceding paragraph requires out of state travel necessitating three days.

16. Undersigned counsel Joseph Cleary is a full time Assistant Federal Defender in the trial unit of the Indiana Federal Defender's Office. He currently has in excess of 50 open felony cases. Most months, counsel is on call one day a

week to cover initial hearings. Since the COVID crisis started, these hearings are done by video which now take additional time as hearings for multiple defendants cannot be combined. Due to counsel's trial workload, he was worked here more in a client communication role, a time-consuming task in light of Mr. Gabrion's disabilities. He will review the arguments that he prepared in the proceedings below.

17.   Undersigned counsel Jean Giles has been assigned to assist in this appeal but did not participate in the lower court proceedings. Giles has a resentencing hearing on April 7, 2021, in United States v. Fields, 6:01-cr-00164-ADA, in the Western District of Texas, following the vacating of Fields's death sentence. Giles also has a capital § 2255 motion due on October 7, 2021, in United States v. Kadamovas, 2:02-cr-00220, in the Central District of California. Since the last extension request, Ms. Giles has been able to make significant progress in drafting Mr. Gabrions's opening brief, as noted above. Ms. Giles is gaining familiarity about the case. She did not begin working on the case until the Reply in Support of the Certification of Appealability.

18.   Undersigned counsel Scott Graham is a CJA practitioner. He has been appointed to represent one of defendants in the matter of United States v. Fox, et al., 1:20-cr-183, charging a conspiracy to kidnap the Governor of Michigan, an

offense punishable by life in prison. Initial proceedings are underway in that case. Initial discovery is voluminous. Graham prepared for and conducted trial in the matter of <u>United States v. Honeysucker</u>, 1:19-cr-292. He fully prepared for a month-long trial in <u>United States v. Howland</u>, 1:18-cr-140 before the Defendant pleaded guilty on the workday before trial was to begin. He took over on short notice the case of <u>United States v. Watkins</u>, 1:20-cr-10 and worked through resolution of the case. He prepared for trial in the matter of <u>United States v. Flores</u>, 1:19-cr-271, a case involving complicated DNA issues. The case was adjourned only because its trial date conflicted with the Howland matter. Graham prepared for trial before negotiating plea agreements in the matters of <u>United States v. Humphrey</u>, 2:20-cr-14, and <u>United States v. Campbell</u>, 1:20-cr-144.

19. Graham has prepared draft portions of the principal brief and is working to finalize that work.

20. This is a complicated appeal involving thousands of pages of documents and complex legal issues. Despite due diligence counsel cannot meet the current filing deadline. An additional sixty (60) days will allow counsel the needed time to file a professional document that will provide the court with the assistance it requires to pass on the important questions presented by this death penalty case.

21. For these reasons, counsel asks the Court for an additional one hundred twenty days in which to file the principal brief in this case.

**WHEREFORE**, Marvin Gabrion, requests the Court allow him an additional sixty days beyond the current March 16, 2021 deadline to file his principal brief.

**Date: March 7, 2021**                                      **Respectfully submitted,**

By: /s/ *Monica Foster*                        By: /s/ *Joseph M. Cleary*
  Monica Foster                                Joseph M. Cleary
  Jean E. Giles                                Attorney for Petitioner-Appellant
  Attorneys for Petitioner-Appellant    Business Address:
Business Address:                                Indiana Federal Community
  Indiana Federal Community               Defenders, Inc.
  Defenders, Inc.                         111 Monument Circle, Suite 3200
  111 Monument Circle, Suite 3200         Indianapolis, Indiana 46204
  Indianapolis, Indiana 46204             Telephone: (317) 383-3520
  Telephone: (317) 383-3520               Email: Joe_Cleary@fd.org
  Email: Monica_Foster@fd.org
  Email: Jean_Giles@fd.org

By: /s/ *Scott Graham*
  Scott Graham
  Attorney for Petitioner-Appellant
Business Address:
  SCOTT GRAHAM PLLC
  1911 West Centre Avenue, Suite C
  Portage, Michigan 49024
  Telephone: (269) 327-0585
  Email: sgraham@scottgahampllc.com

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that he filed the Motion to Extend Deadline to File Petitioner's Principal Brief through the Court's CM/ECF electronic system on March 7, 2021. See Fed. R. App. P. 25(d)(1)(B); 6 Cir. R. 25(f)(2). Notice of this filing will be sent through the CM/ECF system to all parties indicated on the electronic filing receipt, namely Assistant United States Attorney Jennifer L. McManus and Assistant United States Attorney Timothy P. VerHey. Parties may access this filing through the CM/ECF system.

Date: March 7, 2021 By: /s/ *Scott Graham*

Scott Graham
Attorney for Petitioner-Appellant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
Telephone: (269) 327-0585
Email: sgraham@scottgrahampllc.com