

**U.S. Department of Justice**

*United States Attorney's Office*
*Western District of Michigan*

---

*5th Floor, The Law Building*
*330 Ionia Avenue, NW*
*Grand Rapids, Michigan 49503*

*Mailing Address:*
*United States Attorney's Office*
*Post Office Box 208*
*Grand Rapids, Michigan 49501-0208*

*Telephone (616) 456-2404*
*Facsimile (616) 456-2408*

May 13, 2022

Patricia J. Elder
Senior Case Manager
United States Court of Appeals
For The Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202-3988

  Re: *United States v. Marvin Charles Gabrion*, II
     Case No.: 18-2382 – Death Penalty Case

Dear Ms. Elder:

  In accordance with Federal Rule of Appellate Procedure 28(j), I would like to bring a case to the panel's attention in connection with the May 24th argument in *Gabrion v. United States*, No. 18-2383.

  The case is *Triana v. United States*, 205 F.3d 36, (2nd Cir. 2000), which I offer for the panel's consideration in connection with Gabrion's claim that he was deprived of conflict-free counsel. In *Triana*, the defendant was indicted for drug trafficking activity and was represented by two attorneys, Beltre and Levine. Both filed appearances for Triana, and both were actively engaged in his defense at trial. Beltre, for example cross examined a prosecution witness. 205 F.3d at 43. Beltre had a significant conflict in the case because he was also actively engaged in the drug trafficking conspiracy and was subsequently indicted as a codefendant. Despite this, the Second Circuit declined to find an actionable conflict because it determined Levine made the strategic decisions about how to conduct the defense, not Beltre. As Levine had no conflict, there was no basis for granting habeas relief: "In short, Levine labored under no conflict, and Beltre had a conflict but labored not." 205 F.3d at 38.

  The government relies on this case as further legal authority establishing that, to have an actionable claim that an unconstitutional conflict of interest, courts require that the attorney be counsel of record, do some action constituting advocacy

for the client, and be in a position to make decisions about how the defense is conducted. *See also, Moss v. United States*, 323 F.3d 445 (6th Cir. 2003)(cited in the briefing). Because all of that is absent in Gabrion's case, the district court was right to reject the conflict claim.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

/s/Timothy P. VerHey
TIMOTHY P. VERHEY
Assistant United States Attorney
P.O. Box 208
330 Ionia Avenue, NW
Grand Rapids, Michigan 49501
(616) 456-2404